Fill in this information to identify your case:

United States Bankruptcy Court for the:
DISTRICT OF DELAWARE

Case number (if known): _____    Chapter  11

☐ Check if this an amended filing

Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy     4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | Insightra Medical, Inc. |
| 2. | All other names debtor used in the last 8 years<br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | 52-2298576 |

4. Debtor's address

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 9891 Irvine Center Drive<br>Suite 222<br>Irvine, CA 92618<br>Number, Street, City, State & ZIP Code | <br><br>P.O. Box, Number, Street, City, State & ZIP Code |
| Orange<br>County | Location of principal assets, if different from principal place of business<br>170 Commerce Way Gallatin, TN 37066<br>Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | Debtor's website (URL) | www.insightra.com |

6. Type of debtor

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

Debtor  **Insightra Medical, Inc.**                                    Case number (*if known*) _____
        Name

7. **Describe debtor's business**   A. *Check one:*
   - ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   - ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   - ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   - ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   - ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   - ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   - ■ None of the above

   B. *Check all that apply*
   - ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
   - ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
   - ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
   See http://www.uscourts.gov/four-digit-national-association-naics-codes.
   __3391__

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**   *Check one:*
   - ☐ Chapter 7
   - ☐ Chapter 9
   - ■ Chapter 11. *Check all that apply*:
     - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
     - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
     - ■ A plan is being filed with this petition.
     - ■ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
     - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 (Official Form 201A)* with this form.
     - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
   - ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
   - ■ No.
   - ☐ Yes.

   If more than 2 cases, attach a separate list.

   | | District | When | Case number |
   |---|---|---|---|
   | | _____ | _____ | _____ |
   | | _____ | _____ | _____ |

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**
    - ☐ No
    - ■ Yes.

    List all cases. If more than 1, attach a separate list

    | | Debtor | **Modulare, Inc.** | Relationship | **Affiliate** |
    |---|---|---|---|---|
    | | District | **Delaware**  When **1/27/17** | Case number, if known | **Pending** |

Debtor **Insightra Medical, Inc.**                                                      Case number (*if known*)
          Name

**11. Why is the case filed in this district?**   *Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                             Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.   Insurance agency _____
         Contact name    _____
         Phone           _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**   *Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☒ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☒ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☒ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

Debtor   Insightra Medical, Inc.                              Case number (*if known*)
         Name

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **January 27, 2017**
              MM / DD / YYYY

X  **/s/ Oliver Pokk**                              **Oliver Pokk**
   Signature of authorized representative of debtor    Printed name

Title  **Authorized Representative**

**18. Signature of attorney**

X  **/s/ Justin R. Alberto**                        Date  **January 27, 2017**
   Signature of attorney for debtor                        MM / DD / YYYY

**Justin R. Alberto**
Printed name

**Bayard P.A.**
Firm name

**222 Delaware Ave**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **(302) 655-5000**    Email address  **jalberto@bayardlaw.com**

**5126 Delaware**
Bar number and State

## UNANIMOUS WRITTEN CONSENT
## OF THE BOARD OF DIRECTORS
## OF
## INSIGHTRA MEDICAL, INC.

*January 27, 2017*

The undersigned, being all of the directors of the Board of Directors (the "***Board***") of Insightra Medical, Inc., a California corporation (the "***Corporation***"), acting by unanimous written consent (this "***Consent***") pursuant to the California General Corporation Law and the Bylaws of the Corporation, hereby consent to the following recitals and resolutions:

WHEREAS, the Board has considered (i) the difficulties the Corporation has experienced in recent years in obtaining the debt and equity financing required to sustain operations, notwithstanding comprehensive and broad-based efforts to obtain such financing, (ii) the financial and operational aspects of the Corporation's business, (iii) the future prospects and financial performance and condition of the Corporation, (iv) current industry, economic and market conditions and trends in the markets in which the Corporation competes, and (v) the current status of the Corporation in light of recent events; and

WHEREAS, the Board has received, reviewed and considered the recommendation of senior management of the Corporation and the advice of the Corporation's professionals and advisors with respect to the options available to the Corporation, including the possibility of pursuing a bankruptcy proceeding under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***"); and

WHEREAS, the solicitation of that certain *Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, as may be amended (the "***Prepackaged Plan***") has now been completed.

NOW, THEREFORE, BE IT RESOLVED, that after consideration of the alternatives presented to it and the recommendations of senior management of the Corporation and the advice of the Corporation's professionals and advisors, the Board has determined in its business judgment that it is desirable and in the best interests of the Corporation, and its creditors, employees, shareholders and other interested parties that petitions be filed in the United States Bankruptcy Court for the District of Delaware by the Corporation and its wholly-owned subsidiary, Modulare, Inc. (the "***Subsidiary***") seeking relief under the provisions of Chapter 11 of the Bankruptcy Code.; and it is

RESOLVED FURTHER, that Oliver Pokk and any one or more of the Corporation's duly elected and presently incumbent Chief Executive Officer, Chief Financial Officer, and Treasurer (the "***Proper Officers***"), be, and they hereby are, authorized, empowered, and directed, on behalf of the Corporation and in each of their names (a) to execute, verify and file all documents necessary or appropriate in connection with the filing of the chapter 11 bankruptcy petitions and the prosecution of the

Prepackaged Plan, including, without limitation, all petitions, affidavits, declarations, schedules, statements of financial affairs, lists, motions, applications, pleadings and other papers or documents in connection with the foregoing; (b) take and perform any and all actions deemed necessary and proper to obtain such relief as authorized herein and in connection with the Corporation's chapter 11 case (the "***Bankruptcy Case***"); (c) appear as necessary at all proceedings on behalf of the Corporation in the Bankruptcy Case; and (d) pay all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions as adopted herein; and it is

RESOLVED FURTHER, that, subject to approval by the Board, the Proper Officers of the Corporation are authorized and empowered: (a) to obtain post-petition financing and/or use cash collateral according to terms which may be negotiated by the management of the Corporation, and to enter into any debtor-in-possession financing facilities, guarantees, or other related documents; and (b) to pledge and grant liens on the assets of the Corporation as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreement; and in connection therewith and subject to approval by the Board, the Proper Officers of the Corporation are hereby authorized and directed to execute appropriate loan agreements, cash collateral agreements and related ancillary documents, whether consented to or contested by the Corporation's existing lenders; and it is

RESOLVED FURTHER, that the Proper Officers are hereby authorized to make decisions with respect to all aspects of the management and operation of the Corporation's business including, without limitation, organization, human resources, marketing, asset sales, logistics, finance, administration, oversight, of the prosecution of the Corporation's Bankruptcy Case, including, but not limited to, bankruptcy-related reporting requirements, filing of Statement(s) of Financial Affairs, Schedule(s) of Assets and Liabilities, the Prepackaged Plan and related Disclosure Statement, claims management, managing outside professionals and such other aspects as he or she may identify, in such manner as he or she deems necessary or appropriate in his or her sole and reasonable discretion consistent with the business judgment rule, subject to appropriate approval and governance by the Board, in accordance with the Corporation's articles of incorporation and bylaws, applicable laws and the orders of the bankruptcy court; and it is

RESOLVED FURTHER, that the previous retention by the Corporation's management of the law firm of Bayard, P.A. ("***Bayard***") as bankruptcy counsel to the Corporation to represent and assist the Corporation in connection with their consideration of various insolvency-related obligations and bankruptcy alternatives, and to assist the Corporation in carrying out its duties under chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights in connection therewith, is hereby approved and ratified, and the Proper Officers are hereby authorized and directed to execute and ratify appropriate retention agreements and to cause to be filed an appropriate application for authority to retain the services of Bayard; and it is

RESOLVED FURTHER, that the Proper Officers are authorized and empowered to employ on behalf of the Corporation any other professionals necessary to assist the Corporation in carrying out its duties under the Bankruptcy Code; and in connection therewith, the officers of the Corporation are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Bankruptcy Case and cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of any other professional, as necessary, and on such terms as are deemed necessary, desirable, and proper by the Proper Officers; and it is

RESOLVED FURTHER, that the Proper Officers are hereby authorized to conduct business operations as determined by any of them to be in the best interests of the bankruptcy estate of the Corporation and the creditors of the Corporation which may include, but not be limited to, a determination to continue business operations with a view towards reorganizing or selling the Corporation or substantially all of the assets of the Corporation; and it is

RESOLVED FURTHER, that, subject to the foregoing resolutions and requisite approval of the Board, the Proper Officers are authorized and empowered to take on behalf of the Corporation any and all actions, to execute, deliver, certify, file or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by the Proper Officers to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful chapter 11 proceeding including, without limitation, the opening of new deposit accounts as a debtor-in-possession under the Bankruptcy Code, and the taking of such actions or execution of such documents shall be conclusive evidence of the necessity or desirability thereof; and it is

RESOLVED FURTHER, that any and all actions heretofore taken by the Proper Officers in the name and on behalf of the Corporation in furtherance of the purpose and intent of any or all of the foregoing resolutions are hereby ratified, confirmed, and approved in all respects.

*General Authority and Ratification*

RESOLVED FURTHER, that the Proper Officers be, and they hereby are, authorized and directed, for, in the name and on behalf of the Corporation, to take such steps, to perform all such acts and things, and to prepare, execute, swear to, acknowledge, certify, deliver, and file and record with appropriate governmental authorities or other persons any and all agreements, documents, applications, reports, notices, waivers, consents, certificates, or instruments which are contemplated by this Consent or which may be required by law, or appear to any Proper Officer or legal counsel to the Corporation, to be necessary, convenient, or appropriate to effectuate and consummate the transactions contemplated by the foregoing resolutions, to perform any obligations thereunder in accordance therewith, and to otherwise effectuate the purposes and intents of the foregoing resolutions, such necessity, convenience, or appropriateness to be

- 3 -

conclusively evidenced by the taking or performance of any of the foregoing steps, acts and things, executions, filings, and/or recordings; and it is

RESOLVED FURTHER, that any lawful act heretofore taken or caused to be taken by any Proper Officer in his or her capacity as such in connection with the matters contemplated in the foregoing resolutions be, and it hereby is in all respects approved, adopted, ratified, and confirmed by the Board as an act of the Corporation; and it is

RESOLVED FURTHER, that this Consent shall be filed with the Secretary of the Corporation and included with the minutes of the proceedings of the Board; and

*Counterparts*

RESOLVED FURTHER, that this Consent may be executed and delivered (including by facsimile or Portable Document Format (pdf) transmission) in any number of counterparts with the same effect as if all parties hereto had signed the same document and facsimile and other electronic copies of manually-signed originals shall have the same effect as manually-signed originals.

[Signature Page Follows]

IN WITNESS WHEREOF, the undersigned, being all of the directors of the Corporation, do hereby execute this written consent as of the date first set forth above.

**BOARD:**

*/s/ Brad Sharp*
Brad Sharp


*/s/ Oliver Pokk*
Oliver Pokk


*/s/ Laxmikant Khanolkar*
Laxmikant Khanolkar

[Signature Page for Written Consent]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
:
In re                                                          :        Chapter 11
:
INSIGHTRA MEDICAL, INC., et al[1].                             :        Case No. 17-_____
:
Debtors.                                                       :        (Joint Administration Pending)
---------------------------------------------------------------X

## CORPORATE OWNERSHIP STATEMENT PURSUANT TO
## FEDERAL RULE OF BANKRUPTCY PROCEDURE 1007(A)(1)

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1, the following is a corporation, other than a governmental unit, that directly or indirectly own 10% or more of any class of Insightra Medical Inc.'s outstanding equity interests.

| Shareholder | Class | Percentage of Shares Held |
|---|---|---|
| Laramie Trail LLC | A | 15% |
| Westoak Holdings LLC | A | 15% |
| Zurich Trust Limited as Trustee of the 9564454 International Pension Trust | A | 15% |
| MNI Ventures, Mauritius (Manipal) | B | 75% |
| MNI Ventures (Manipal) | B | 25% |

---

[1] The Debtors in these chapter 11 cases are Insightra Medical, Inc. and Modulare, Inc. The last four digits of Insightra's taxpayer identification number are (8576). Modulare does not have a taxpayer identification number. The Debtors' business address is 9891 Irvine Center Drive, Suite 222, Irvine, CA 92618.

{BAY:03011853v1}

| Shareholder | Class | Percentage of Shares Held |
|---|---|---|
| Tekla Healthcare Investors | C | 26% |
| Tekla Life Sciences Investors | C | 12% |
| CD-Venture GmbH | C | 14% |

| Fill in this information to identify the case and this filing: |
|---|

Debtor Name __Insightra Medical, Inc._____

United States Bankruptcy Court for the: _____ District of _Delaware_____
(State)

Case number (If known): _____

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration  _Corporate Ownership Statement_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __01/27/2017__         X  __/s/ Oliver Pokk_____
MM / DD / YYYY                         Signature of individual signing on behalf of debtor

                                        Oliver Pokk_____
                                        Printed name

                                        Authorized Representative_____
                                        Position or relationship to debtor

Official Form 202         Declaration Under Penalty of Perjury for Non-Individual Debtors

Fill in this information to identify the case:
Debtor name: Insightra Medical, Inc.
United States Bankruptcy Court for the: DISTRICT OF DELAWARE
Case number (if known):

☐ Check if this is an amended filing

# Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|
| Baxter Healthcare<br>1 Baxter Pkwy<br>Deerfield, IL 60015 | Park Smith<br><br>park@dparksmithlaw.com<br>(830) 238-3591 | Supplier | | | | $1,400,745.07 |
| Tekla Healthcare Investors<br>100 Federal Street<br>19th Floor<br>Boston, MA 02110 | Dan Omstead<br><br>domstead@teklacap.com<br>(617) 772-8540 | Bridge Loan | | | | $426,000.00 |
| Baird Venture Partners III Limited<br>227 West Monroe Street<br>Suite 1900<br>Chicago, IL 60606 | Michael Liang<br><br>Mliang@rwbaird.com<br>(312) 609-5499 | Bridge Loan | | | | $366,000.00 |
| Tokai Medical Products Inc.<br>1485 Sarayashiki<br>Taraga-cho,<br>Kasugai-City<br>Aichi Pref, Japan | Ichihiro Wakimoto<br><br>wakimoto-i@tokaimedpro.co.jp<br>81-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 | Supplier | | | | $355,177.30 |
| Novus Scientific<br>Virdings Alle 2<br>75450 Uppsala<br>Sweden | Praveen Sidhu<br><br>praveen.sidhu@novusscientific.com<br>65 65497871 | Supplier | | | | $258,043.00 |
| Tekla Life Science Investors<br>100 Federal Street<br>19th Floor<br>Boston, MA 02110 | Dan Omstead<br><br>domstead@teklacap.com<br>(617) 772-8540 | Investor | | | | $164,000.00 |

Debtor  Insightra Medical, Inc.                                     Case number *(if known)*
        Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| CD-Venture GmbH<br>Bergheimer Strasse 45<br>D-69115 Heidelbert, Germany | Christoph Boehringer<br>christoph.boehringer@cd-venture.com<br>+49 6221 18787-0 | Bridge Loan | | | | $150,000.00 |
| Aarin Capital Partners<br>22 St. Georges Street<br>Port Louis, Mauritius | Rajesh Moorti<br>rajesh.moorti@manipalgroup.com<br>+91 98806 60021 | Bridge Loan | | | | $150,000.00 |
| BVP III Special Affiliates Limited Partn<br>227 West Monroe Street<br>Suite 1900<br>Chicago, IL 60606 | Michael Liang<br>Mliang@rwbaird.com<br>(312) 609-5499 | Bridge Loan | | | | $132,000.00 |
| BVP III Affiliates Fund Limited Partners<br>227 West Monroe Street<br>Suite 1900<br>Chicago, IL 60606 | Michael Liang<br>Mliang@rwbaird.com<br>(312) 609-5499 | Bridge Loan | | | | $102,000.00 |
| Paul Sebastianutti<br>Allessandro Bustini 37 00124 - Roma | Paul Sebastianutti<br>avv.sebastianutti@gmail.com<br>06 8419669 | Attorney | | | | $75,587.53 |
| Life Science Outsourcing, Inc.<br>830 Challenger Street<br>Brea, CA 92821 | Barry Kazemi<br>bkazemi@lso-inc.com<br>(714) 672-1090 | Supplier | | | | $71,887.64 |
| Winten Investments Inc.<br>P.O. Box 505694<br>Irvine, CA 92619 | Charles Cheng<br>ccheng@triumshire.com<br>(949) 430-6525 | Bridge Loan | | | | $64,867.00 |
| Kai W. Trompeter<br>Ascott Park Place Apt 2807 Sheikh Zayed Road<br>Dubai, United Arab Emirates | Kai Trompeter<br>kai.trompeter@gmail.com<br>49 177 2502328 | Professional service | Contingent Unliquidated | | | $49,763.70 |
| Merit Medical<br>P.O. Box 204842<br>Dallas, TX 75320 | Steph Cannon<br>stephc@merit.com<br>(801) 208-4354 | Supplier | | | | $45,533.60 |

Debtor  **Insightra Medical, Inc.**                           Case number *(if known)*
     Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Ars Chirurgica<br>Via Della Colombaia 12 S. Giovanni in Persiceto<br>40017 Bologna | Micaela Grandi<br><br>grandi@gzavvocati.it<br>051 99 21 746 | Distributor | | | | $39,455.50 |
| American Hernia Society Ed. Foundation<br>4582 S. Ulster Street #201<br>Denver, CO 80237 | Nicole<br><br>nicole@goddardassociates.com<br>303-567-7899 | Charitable contribution | | | | $37,500.00 |
| InterMed Resources LLC<br>MCS 410907<br>P.O. Box 415000<br>Nashville, TN 37241-0907 | | Supplier | | | | $36,784.00 |
| Charles Kendall Freight LTD<br>P. O. Box 54329<br>Dubai, U.A.E. | Danver Muralitharan<br><br>dmuralitharan@charleskendall.com<br>9714 886 1299 ext 8812 | Freight forwarder | | | | $28,723.00 |
| Meditrial<br>80, Tzanko Tzerkovski Str.<br>1421 Sofia,<br>BULGARIA | Francesca Ruggeri<br><br>f.ruggeri@meditrial.eu<br>39 0744463720 | Supplier | | | | $28,273.57 |

| Fill in this information to identify the case and this filing: |
|---|

Debtor Name __Modulare, Inc.__

United States Bankruptcy Court for the: _____  District of __Delaware__
                                                                                (State)

Case number (If known): _____

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐  *Schedule H: Codebtors* (Official Form 206H)

☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐  Amended *Schedule* ____

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐  Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  __01/27/2017__        X  __/s/ Oliver Pokk_____
              MM / DD / YYYY           Signature of individual signing on behalf of debtor

                                       __Oliver Pokk_____
                                       Printed name

                                       __Authorized Representative_____
                                       Position or relationship to debtor

Official Form 202               Declaration Under Penalty of Perjury for Non-Individual Debtors